IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAYEOLA SAMUEL AMOS          *
                             *
    v.                       *     Criminal No. CCB-16-151
                             *     Civil No. CCB-20-247
UNITED STATES OF AMERICA
                          *******

## MEMORANDUM AND ORDER

On January 5, 2018, Jayeola Samuel Amos pled guilty to one count of conspiracy in violation of 18 U.S.C. § 371.  (ECF 150).  Over two years later, on January 22, 2020, he filed a motion to vacate under 28 U.S.C. § 2255 (ECF 213).  The government filed its response on January 29, 2020 (ECF 215).  Amos was then provided an opportunity to respond as to why he should be entitled to equitable tolling of the one-year statute of limitations under § 2255, and Amos responded on February 21, 2020 (ECF 218).

Section 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  There is no contention that subsections (2)–(4) are at issue.  For the purposes of subsection (1), Amos's conviction became final either on January 5, 2018 (the date judgment was entered) or January 19, 2018, (when the time for filing an appeal had expired, *see*

Fed. R. App. P. 4(b)(1)).  *See Hannigan v. United States,* 131 F. Supp. 3d 480, 484 n.1 (E.D.N.C. 2015) (noting some confusion in the Fourth Circuit over when a conviction becomes final when a direct appeal is not filed but that the § 2255 motion was untimely under either view).  Amos filed his motion to vacate more than a year after his conviction became final.

In regards to his entitlement to equitable tolling, Amos stated that he had a nervous breakdown during the time he was supposed to file the motion to vacate because he worked as a jailhouse officer and received death threats, and then abandoned his job and moved to Canada. Amos is entitled to equitable tolling only if he presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).  "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."  *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004).  Amos has provided no details regarding his "nervous breakdown" that would allow the court to conclude that it rises to the level of profound mental incapacity.  Further, although the record indicates that Amos failed to surrender for his jail sentence and instead fled to Canada where he was later apprehended, (*see* Criminal Case No. CCB-18-224), Amos's fleeing to Canada does not constitute an extraordinary circumstance beyond Amos's control or external to his own conduct.

Accordingly, the motion (ECF 213) is Denied and no certificate of appealability is issued. The clerk shall Close the associated civil case, CCB-20-247.

So Ordered this <u>17th</u> day of June, 2020.

_____
Date

_____
/S/
Catherine C. Blake
United States District Judge

2